## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03008-REB-KMT

REBECCA FRANCOEUR,

Plaintiff,

v.

MERCK AND CO., INC. (aka Merck and Co., Inc.
Shapre & Dohme Incorporated) and
OMNICARE PHARMACY OF COLORADO LLC
(dba and/or aka Omnicare),

    Defendants.

## STIPULATED PROTECTIVE ORDER

1. <u>Definitions</u>

    (a)    "Action" as used in this Protective Order means the above-entitled action.

    (b)    "Designated Confidential Information" means any material that contains confidential, proprietary, sensitive, or personal information which the Designating Person has labeled, stamped or marked with the term "CONFIDENTIAL."

    (c)    "Designating Person" means any party to the Action, or any non-party responding to any subpoena, including their respective counsel, who has

designated any document, disk, deposition transcript, or other item, or any portion thereof, as "CONFIDENTIAL."

    2.    <u>Designation of CONFIDENTIAL Information</u>

Any party to the Action and any non-party responding to a subpoena in the Action may designate as "CONFIDENTIAL" any information to be disclosed in discovery or at trial which such party in good faith believes constitutes or contains confidential, proprietary, sensitive, or personal information.  Any such designation shall be made in good faith and shall reflect the Designating Person's determination that such documents, disks, deposition transcripts or other items, or parts thereof, contain confidential, proprietary, sensitive, or personal information.  Upon designation, access to such Designated Confidential Information will be limited to the persons designated in accordance with paragraph 3 of this Order.  A Designating Person may designate information "CONFIDENTIAL" as follows:

    (a)    With respect to any document (including writing, photograph, drawings, or other graphic matter), or disk, the Designating Person shall designate such documents or disks as Designated Confidential Information by marking them and each copy thereof with the legend "CONFIDENTIAL" at the time such documents, disks or other items are produced;

    (b)    With respect to answers to written interrogatories or responses to requests for admissions, the Designating Person shall designate such answers or responses as Designated Confidential Information by stamping, labeling or marking "CONFIDENTIAL" thereon;

(c)     With respect to deposition testimony, the Designating Person shall designate that portion of the testimony as "CONFIDENTIAL" either orally at the time it is given by so stating on the record or by written notification to all counsel within twenty-one (21) days after receipt of the transcript from the court reporter;

(d)     With respect to any other tangible or intangible items (other than documents or disks) produced or disclosed, the Designating Person shall designate such things as "CONFIDENTIAL" by giving written notice of the designation to all counsel upon disclosure or production, or as soon there after as may be reasonable under the circumstances.

3.     <u>Persons Permitted Access to Designated Confidential Information</u>

The persons permitted access (subject to the restrictions of paragraph 4 of this Order) to information designed as "CONFIDENTIAL" pursuant to paragraph 2 of this order are as follows:

(a)     <u>Trial Counsel</u>:  Trial counsel shall refer to those attorneys charged with the responsibility for and/or actively engaged in discovery or in trial preparation of this Action, including, without limitation, legal assistant(s), clerks, support staff, and certified court reporters retained by trial counsel, to whom disclosure of said Designated Confidential Information is required for the prosecution or defense of the Action;

(b)     <u>Parties and Employees of Parties</u>:  Parties and employees of parties may be shown Designated Confidential Information when trial counsel in good faith determines that the person's assistance is necessary to evaluate or understand the information in connection with the prosecution or defense of the Action; **provided,**

3

**however**, that each such person, prior to any disclosures being made hereunder shall have subscribed to this Order and attested that he or she has read it, understands its provisions and agrees to be bound thereby, and that each such executed subscription (in the form of Exhibit "A" attached hereto) shall be retained by trial counsel granting access to said confidential information;

(c) <u>Former Employees of Parties</u>: Former employees of parties may be shown Designated Confidential Information when trial counsel in good faith determines that the person's assistance is necessary to evaluate or understand the information in connection with the prosecution or defense of the Action; **provided, however,** that each such person, prior to any disclosures being made hereunder shall have subscribed to this Order and attested that he or she has read it, understands its provisions and agrees to be bound thereby, and that each such executed subscription (in the form of Exhibit "A" attached hereto) shall be retained by trial counsel granting access to said confidential information;

(d) <u>Experts</u>: "Experts" shall refer only to those persons with whom trial counsel deems it appropriate to consult, as an outside, independent expert for the purpose of the prosecution or defense of the Action. Experts may be shown Designated Confidential Information; **provided, however**, that each such expert, prior to any disclosure being made hereunder shall have subscribed to this Order, and attested that he or she has read it, understands its provisions and agrees to be bound thereby, and that each such executed subscription shall be retained by trial counsel granting access to said Designated Confidential Information; and,

(e) <u>Non-Party Witnesses</u>:  Non-party witnesses may be shown Designated Confidential Information in conjunction with any testimony at deposition or trial of this Action; **provided, however,** that each such person, prior to any disclosures being made hereunder shall have subscribed to this Order and attested that he or she has read it, understands its provisions and agrees to be bound thereby, and that each such executed subscription (in the form of Exhibit "A" attached hereto) shall be retained by trial counsel granting access to said confidential information.

4. <u>Treatment of Designated Confidential Information</u>

Information designated as "CONFIDENTIAL" pursuant to paragraph 2 of this Order may be disclosed only to those persons identified under paragraph 3 of this Order.  Such disclosures shall be subject to the following restrictions:

(a) Those persons so designated shall use the Designated Confidential Information solely for the purpose of prosecution or defense of the Action;

(b) Counsel for the parties shall store all Designated Confidential Information in a secure place, taking all reasonable precautions to prevent unauthorized disclosure of said Designated Confidential Information;

(c) Counsel may reproduce any Designated Confidential Information materials only to the extent that such reproduction may be necessary for the prosecution or defense of the Action.  All copies made of Designated Confidential Information shall be subject to the confidentiality provisions of this Order.

(d) Upon subsequent agreement of the parties or order of this Court, this Order may be augmented, supplemented or rescinded relative to the confidentiality of some or all of the Designated Confidential Information.

(e) Nothing herein shall restrict the right of the Designating Person to itself disclose that information or otherwise use that information, for normal business purposes unrelated to the litigation, as he, she, or it sees fit; provided that, to the extent that any Designated Confidential Information is disclosed to a third party by the Designating Person, and where such disclosure is not made subject to a confidentiality agreement, the Designated Confidential Information, thereupon, shall loose its status as "CONFIDENTIAL" thereunder.

(f) Nothing herein shall restrict the use of any material or deposition testimony in any hearing or trial in the Action; **provided, however**, that the parties agree to cooperate prior to any such hearing or trial to develop reasonable appropriate procedures or mechanisms for the protection of Designated Confidential Information from unnecessary disclosure to persons who are not entitled to be shown such material or testimony pursuant to paragraph 3 of this Order.

(g) Any party may object to the designation of information as "CONFIDENTIAL" by providing written notice thereof to all parties hereto. If the parties or other person or entity are unable to agree, the matter may be submitted to the Court for determination of whether the information is properly designated "CONFIDENTIAL." The Designating Person shall bear the burden of persuasion that the Designated Confidential Information contains confidential, proprietary, sensitive, or personal

information. Unless and until the Court enters its Order determining the Designated Confidential Information at issue to be not "Confidential", the designated material shall be deemed, for all purposes, to be Designated Confidential Information. A party may challenge any confidentiality designated at any time up until but not later than 21 days prior to trial; and,

    (h)    In the event that a party hereto is served with a subpoena or request for production by a non-party seeking production of Designated Confidential Information, the subpoenaed party shall give advance notice to the party whom designated the information as Confidential so as to afford the Designating Person an opportunity to oppose such production.

5.    <u>General Provisions</u>

Nothing in this Order shall prevent any party from objecting to discovery otherwise believed to be improper. In addition, nothing herein constitutes an admission by either party that the other party has any confidential, proprietary, sensitive, or personal information

6.    <u>Return of Materials Identified as Designated Confidential Information</u>

Not later than sixty (60) days following settlement, entry of a final judgment by this Court in the Action, or final determination on appeal, whichever comes later, counsel for each party shall destroy or return to counsel for the designating party any material identified as Designated Confidential Information, including any and all copies, notes, summaries, or abstracts thereof (excluding work product of counsel but including all copies provided to experts). Such destruction or return shall be

accompanied by counsel's certification as an officer of the Court that the material destroyed or returned is, in fact, all existing copies, notes, summaries, or abstracts thereof (excluding work product of counsel) to the best of his or her knowledge. All other material will remain subject to the terms of this Order as they may apply.

DATED this 16th day of February, 2012.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*S/Titus D. Peterson*
Titus D. Peterson
600 17th St., Suite 2800 South
Denver, Colorado 80202
(720) 276-4418
titusdp@msn.com

*Attorney for Plaintiff*

*S/Stephen G. Strauss*
Stephen G. Strauss
Kelly J. H. Murrie
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2444
sgstrauss@bryancave.com

and

*S/Mary A. Wells*
Mary A. Wells
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
(303) 812-1243
MWells@warllc.com

*Attorneys for Defendant Merck Sharp & Dohme, Corp.*

EXHIBIT A

## STATEMENT

      I have read and understand the Protective Order entered by the Court in this case to which this Statement is attached, and execute this Statement pursuant thereto. My utilization of any Designated Confidential Information will be for the sole purpose of assisting trial counsel to prepare for trial or otherwise to prepare for the prosecution or defense of the Action.  Except for the foregoing purposes, I will not disclose to any person or entity any information I solely obtained as a result of the disclosure to me of the aforesaid Designated Confidential Information.  Nothing herein, however, will be deemed to prevent me from using or disclosing information which I possessed prior to signing this Statement or information which is available or obtainable within the industry or elsewhere.

DATED:_____

_____
SIGNATURE

_____
PRINTED NAME

_____
ADDRESS

_____
EMPLOYER